IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| Mangal G Thakkar; Rani M Thakkar, ) | |
| ) Chapter 7 | |
| ) | |
| ) Honorable Carol A. Doyle | |
| ) | |
| Debtor(s). ) | |
| ) General Case No. 10-34935 | |
| ) | |

_____

| | |
|---|---|
| HIGHLAND CROSSING CONDOMINIUM ) | |
| ASSOCIATION, ROBERTA JAKE, LEE EINBINDER, ) | |
| KATHLEEN LAUER, HAMED KHAN, ) | |
| KIM RIVERA, DENNIS J. HUGHES ) Adversary Case No. | |
| and KATHY DOHERTY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MANGAL G. THAKKAR, ) | |
| ) | |
| Defendant. ) | |

**<u>ADVERSARY COMPLAINT FOR DENIAL OF DISCHARGE
PURSUANT TO 11 U.S.C. Section 523</u>**

NOW COMES Plaintiff, HIGHLAND CROSSING CONDOMINIUM ASSOCIATION, by its attorneys, Stitt, Klein, Daday, Aretos & Giampietro, LLC, and complaining of Defendant MANGAL G. THAKKAR, alleges as follows:

1

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1334(b).  Each Claim set forth in this Complaint is related to the bankruptcy proceedings of MANGAL THAKKAR under general Case No.: 10-34935 that is presently before this Court, and all of the matters complained of occurred within this District.  This Court, therefore, has primary jurisdiction of this complaint and pendent jurisdiction over any and all state-law claims brought herein.

2.      This matter consists of core proceedings pursuant to 28 U.S.C. Section 157(b)(2)(J) and non-core proceedings.

3.      Venue in this Court is proper pursuant to 28 U.S.C. Section 1409(a).

4.      Plaintiff consents to the entry of final orders or judgment by the bankruptcy judge.

## ALLEGATIONS COMMON TO ALL COUNTS

### A.  DEFAMATION

5.      HIGHLAND CROSSING is a condominium community located in Hoffman Estates, Cook County, Illinois.  It consists of a group of buildings divided into separate condominium units.  Highland Crossing Community Association is an Illinois Not for Profit Corporation which has the duty and authority to maintain and protect the common elements of the property of the Highland Crossing Condominiums on behalf of the members of the Association, which membership consists of the owners of the condominium units within that group of residences.  Its principal place of business is located in Cook County, Illinois.

6.      Plaintiff LEE EINBINDER is the President of Highland Crossing Condominium

Association, and a unit owner and member of Highland Crossing Condominium Association.

7. Plaintiff ROBERTA JAKE is the Treasurer of Highland Crossing Condominium Association, a unit owner at Highland Crossing and a member of Highland Crossing Condominium Association..

8. Plaintiff KATHLEEN LAUER is the Secretary of Highland Crossing Condominium Association, a unit owner at Highland Crossing and a member of Highland Crossing Condominium Association..

9. Plaintiff HAMED KHAN is the Vice-president of Highland Crossing Condominium Association, a unit owner at Highland Crossing and a member of Highland Crossing Condominium Association.

10. Plaintiff KIM RIVERA is a Director of Highland Crossing Condominium Association, a unit owner at Highland Crossing and a member of Highland Crossing Condominium Association.

11. Plaintiffs DENNIS J. HUGHES AND KATHY DOHERTY, were at all times relevant herein residents of Illinois, and had been retained by Highland Crossing Condominium Association to administer and maintain the condominium property of Highland Crossing, located in Hoffman Estates, Cook County, Illinois.

12. KATHY DOHERTY is a unit owner at Highland Crossing and a member of Highland Crossing Condominium Association.

13. All of the Plaintiffs have had good reputations for honesty, integrity both personally and in their respective employment.

14. Defendant/Debtor, MANGAL THAKKAR, was at all times relevant herein the owner of one of the condominium units in Highland Crossing, and a member of the Highland Crossing Condominium Association.

3

15. On or about May 24, 2007 Plaintiffs herein filed a complaint at law before the Circuit Court of Cook County, Law Division Case, No. 2007 L 5394 against Defendant Mangal Thakkar based on allegations that beginning in early 2007 and continuing for several months thereafter, Defendant falsely accused Plaintiffs of stealing and misappropriating funds; and of inability to perform their duties in their offices as representatives of Highland Crossing Condominium Association and as managers of condominium communities.

16. That on or about April 10, 2008, Case No. 2007 L 5394 was dismissed with prejudice pursuant to the agreement of the parties, which agreement provides, inter alia, that;

> "Thakkar agrees that he will not make defamatory statements to any person or entity regarding any Plaintiffs, the Board of Directors, officers, and employees of Highland Crossing Condominium Association and its management agent, either orally or in writing, such as accusing them of theft, conversion of funds, or gross mismanagement, unless he has evidence to support any such accusation."

17. That Defendant Thakkar breached said Agreement by, beginning in or about of September, 2009 and continuing for several months thereafter on repeated occasions, falsely accusing Plaintiffs of criminal activity and of inability to perform their duties in their offices as representatives of Highland Crossing Condominium Association and as managers of condominium communities.

18. Those accusations were contained in letters and email communications sent by Defendant to officials of the Village of Hoffman Estates, and on information and belief, members of the news media.

19.     Plaintiffs are informed and believed that in addition to those written publications, Defendant has also made those allegations orally to others, including numerous members of the Highland Crossing Condominium Association.

20.     The statements by Defendant have accused Plaintiffs of criminal activity and inability to perform their duties in their offices as representatives of Highland Crossing Condominium Association and as managers of condominium communities.

21.     At the time Defendant made said statements regarding the individual Plaintiffs, Defendant knew they were false, or made them with reckless disregard as to their truth or falsity, and made them with malice for the sole purpose of harming Plaintiffs and interfering with their ability to carry on their duties in connection with Highland Crossing Condominium Association.

22.     Defendant's statements, collectively and individually, maligned the Plaintiffs' reputations and are defamatory per se.

23.     Defendant's breach of the Agreement and defamation of Plaintiffs were intentional and malicious acts which have proximately caused Plaintiffs to suffer damages, including great mental and emotional distress and embarrassment and loss of reputation among the members of the Highland Crossing Condominium Association, and the general public as well.

### B. FALSE LIGHT INVASION OF PRIVACY

24.  In making said statements, Defendant intended to, and did, convey the false impression to the members of the condominium association and the public at large that they are not competent in their position as managers of condominium communities and were guilty of criminal activity.

25.  Defendant's intentional and malicious acts proximately caused Plaintiffs to suffer great mental and emotional distress and embarrassment and loss of their reputation among the members of the Highland Crossing Condominium Association, and the public in general.

### C. PRIVATE NUISANCE

26.  That from on or about August 31, 2009 to the present, in addition to the foregoing conduct as alleged, Defendant Mangal Thakkar has engaged in the following additional conduct:

   a.  Repeatedly photographed the common and limited elements of Highland Crossing Condominiums at times and in a manner deliberately intended to disturb the privacy of the owners and tenants of Highland Crossing Condominiums;

   b.  Repeatedly reported the existence of municipal code violations to the Village of Hoffman Estates, Illinois, which reports defendant knew when he made them were false, fabricated and intended to convey and intended to convey the false impression to the members of Highland Crossing Condominium Association, the administration and staff of the Village of Hoffman Estates, and the public at large that Plaintiffs are not competent

in their position as managers of condominium communities and were guilty of criminal activity.

c. On or about May 2, 2010 at Highland Crossing Condominiums did threaten with physical violence, the life, health and safety of Plaintiff Kathy Doherty.

d. On or about November 5, 2010 did vandalize the personal property (an automobile) of a neighbor and unit owner at Highland Crossing Condominiums.

27. That by reason of the foregoing conduct, Defendant has interfered with the interests of the owners and members of Highland Crossing Condominium Association in the enjoyment of land, enjoyment of their ownership interests or tenancy rights within Highland Crossing, and their general right not to have their privacy invaded.

28. Said interference was intentional and made with malice for the purpose of harming Plaintiffs, and for the purpose of causing the members of the Highland Crossing Condominiums to believe that Plaintiffs were unable to protect said members' rights by not being able to control Defendant Thakkar's activities.

29. Said interference was nontrespassory.

30. The interference also interfered with the operation of the Highland Crossing Condominium Association, and interfered with the ability of the other members of the Highland Crossing Condominium Association to freely exercise their possessory and ownership rights in the condominium units they occupied and/or owned in Highland Crossing Condominiums.

31. Said interference was unreasonable.

32. Said interference was substantial and caused Plaintiffs to suffer great mental and emotional distress and embarrassment and loss of their reputation among the members of the

Highland Crossing Condominium Association, and the public in general.

33.     Since the commencement of these actions by Defendant on or about August, 31, 2009, Plaintiffs have repeatedly and continuously requested of Plaintiff to cease his defamatory statements and his actions interfering with the privacy and property rights of the members of the Highland Crossing Condominium Association.

34.     Defendant has refused to cease his unlawful and harmful conduct.

## COUNT I.

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6)

35.     Plaintiff restates paragraphs 1 through 34 of this Count I as if set forth in full herein.

36.     That the conduct of Defendant Thakkar as set forth above constitutes willful and malicious acts against the Plaintiffs.

37.     That as a proximate result of said debtor's willful and malicious conduct Plaintiffs have suffered monetary damages in an amount to be proved at trial, which damages constitute a non-dischargeable claim against debtor in his Chapter 7 case.

WHEREFORE, Plaintiffs, HIGHLAND CROSSING CONDOMINIUM ASSOCIATION, ROBERTA JAKE, LEE EINBINDER, KATHLEEN LAUER, HAMED KHAN, KIM RIVERA, DENNIS J. HUGHES AND KATHY DOHERTY respectfully request that this Honorable Court enter an order in their favor and against the debtor MANGAL THAKKAR, pursuant to 11 U.S.C. § 523(a)(6) denying a discharge in this instant case,

and for such other and further relief as this Honorable Court deems fair and just.

/s/ Jonathan N. Rogers<br>Attorney for Plaintiffs

Jonathan N. Rogers
STITT, KLEIN, DADAY, ARETOS & GIAMPIETRO, LLC
2550 W. Golf Road, Suite 250
Rolling Meadows, IL 60008
(847) 590-8700
Fax: (847) 590-9825
6243761